NOT DESIGNATED FOR PUBLICATION

No. 126,109

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTOINE COURTNEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Submitted without oral argument. Opinion filed August 2, 2024. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Ethan Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., GARDNER and ISHERWOOD, JJ.

PER CURIAM: Antoine Courtney appeals his conviction for aggravated battery. He contends that two separate deficiencies in the instructions his jury received, coupled with the district court's denial of his motion for new trial based on newly discovered evidence, warrant reversal of his conviction. Following a thorough review of the record and careful analysis of the issues raised we are not persuaded that any justification exists to reverse Courtney's conviction.

FACTUAL AND PROCEDURAL BACKGROUND

In early June 2021, Dave Sank stopped by Eric Grice's home to collect rent money for a residence that Grice's nephew leased from Sank. Sank's girlfriend, Ketzy Hernandez-Rivera, accompanied him on the collection errand. Upon the couple's arrival, they observed Grice selling drugs out of the residence and felt uncomfortable with the number of people present, so they opted to leave and try again another time.

The environment was largely the same when they returned a second time so Sank again turned to leave and, as he did, he saw Antoine Courtney approaching. Sank had first encountered Courtney at Grice's home roughly three weeks earlier and an argument erupted between them. A few minutes afterwards that same day, Sank had driven by Courtney as he walked along the street and initiated a heated verbal exchange with him. As Sank walked away from Grice's home on the day of the shooting, Courtney got within approximately a foot of him, then reached for a gun and told Sank "Talk that shit now." Sank reached out for Courtney and a struggle ensued as Hernandez-Rivera looked on from their vehicle. During the scuffle, Courtney fired a single shot which struck Sank in the leg. Sank fell to the ground and Courtney told him "I oughta kill your ass," before turning and leaving the scene. Sank was transported to the hospital where he underwent emergency surgery to repair a shattered femur.

Following an investigation, Courtney was charged with a single count of aggravated battery, in violation of K.S.A. 2020 Supp. 21-5413(b)(1)(A), for knowingly causing great bodily harm or disfigurement to another person.

The case proceeded to a jury trial during which Courtney took the stand to testify in his own defense. He told the jury that during the second confrontation between Sank and himself three weeks prior to the shooting, Sank had pulled a gun and shoved it under Courtney's chin. Consequently, on the day of the incident at issue, when Courtney made

2

eye contact with Sank and Sank made a motion like he was grabbing for a weapon, Courtney pulled out his own gun and aimed it at Sank before Sank could finish drawing his own. Courtney claimed that he warned Sank to stop coming towards him but Sank lunged at him instead. Courtney testified that he was afraid Sank would either grab Courtney's gun or use his own to shoot him. So, Courtney shot him in the leg to stop him.

The jury found Courtney guilty as charged and, a few weeks later, he filed a motion for a new trial. In support of his request, he asserted that the evidence presented at trial ran contrary to the verdict and actually supported his self-defense claim. The district court conducted a hearing on the motion during which Courtney's counsel argued, for the first time, that the motion should be granted to allow for the presentation of newly discovered evidence. Courtney informed the court that Grice would testify that Sank was in possession of a gun on the day of the crime and was the aggressor during the earlier skirmishes between the two men. Courtney's counsel claimed that he attempted to contact Grice prior to trial but was unsuccessful and had since learned that he was in custody. Grice was neither present at the hearing nor did Courtney's counsel present the court with an affidavit of any kind.

The district court denied Courtney's motion upon finding that Grice's testimony was not newly discovered evidence, but "was known to the parties and was not presented at trial." The judge opined that even if the testimony had been presented, he did not believe it would have changed the outcome of the trial. Courtney was then sentenced to serve the standard prison term of 41 months.

Courtney now brings his case before this court to determine whether the validity of his conviction is undermined by two different alleged instructional errors and whether his motion for new trial was improperly denied.

*The Definition Of "Knowingly" That The District Court Included In The Jury's Instruction Packet Was Not Clearly Erroneous*

Courtney's first claim of instructional error consists of the contention that the district court defined "knowingly" in a manner that was inconsistent with the facts of the case when it informed the jury that "[a] defendant acts knowingly when the defendant is aware of the nature of their conduct that the state complains about." It is Courtney's position that the more appropriate instruction was to advise the jury that people act knowingly when they are "aware that [their] conduct was reasonably certain to cause the result complained about by the State." PIK Crim. 4th 52.010 (2021 Supp.). The State counters that the instruction issued by the court was legally and factually appropriate.

*Standard of Review*

When analyzing jury instruction issues, appellate courts follow a three-step process: (1) determine whether the appellate court can or should review the issue, in other words, whether there is a lack of jurisdiction or failure to preserve the issue for appeal; (2) consider the merits of the claim to determine whether error occurred below; and, (3) assess whether the error requires reversal, in other words, whether it can properly be deemed harmless. *State v. Holley*, 313 Kan. 249, 253, 485 P.3d 614 (2021).

At the second step, appellate courts consider whether the instruction was legally appropriate, using an unlimited standard of review of the entire record. It must also resolve the question of whether it was factually appropriate, and does so by ascertaining whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, to support issuance of the instruction. 313 Kan. at 254-55.

If error is established, the reversibility inquiry we conduct at the third step of the analysis is directly affected by whether the complaining party properly preserved their claim. 313 Kan. at 254. If a party fails to object to a jury instruction when their case is before the district court, an appellate court reviews the flawed instruction to determine whether it was clearly erroneous. K.S.A. 22-3414(3). An instruction earns that classification when it is either legally or factually inappropriate, or both, and the reviewing court is firmly convinced the jury would have reached a different verdict had the error not occurred. The party claiming clear error has the burden to establish both error and prejudice. *State v. Crosby*, 312 Kan. 630, 639, 479 P.3d 167 (2021).

*The given instruction defining "knowingly" was legally and factually appropriate.*

The State charged Courtney with aggravated battery in violation of K.S.A. 2020 Supp. 21-5413(b)(l)(A), which defines the offense as "[k]nowingly causing great bodily harm to another person or disfigurement of another person." Courtney claims the instruction erroneously advised the jury that he was guilty of the charged offense if he simply intended to perform the act that resulted in Sank's great bodily harm. Or stated another way, the instruction had the potential to confuse the jury by enabling it to find him guilty merely because he intended to fire the gun.

PIK Crim. 4th 52.010 (2021 Supp.) provides the district court with a recommended model instruction defining "knowingly." See *State v. Franklin*, 264 Kan. 496, 505, 958 P.2d 611 (1998) (use of PIK instructions is recommended). The instruction sets forth three potential interpretations:

> "A defendant acts (knowingly) (with knowledge) when the defendant is aware [insert one or more of the following as appropriate for the crime charged]:
>
> - of the nature of (his) (her) conduct that the State complains about.
> - of the circumstances in which (he) (she) was acting.

5

- that (his) (her) conduct was reasonably certain to cause the result complained about by the State." PIK Crim. 4th 52.010.

The record reflects that the district court limited its instruction to the jury to the first of those three. Courtney contends the result of that decision was a failure to accurately state the applicable law because it allowed the jury to convict him "without finding that he was aware his conduct was reasonably certain to cause great bodily harm."

Courtney directs our attention to *State v. Hobbs*, 301 Kan. 203, 210, 340 P.3d 1179 (2015), and *State v. Thomas*, 311 Kan. 905, 908-09, 468 P.3d 323 (2020), to shore up his claim. In *Hobbs*, the Kansas Supreme Court addressed the use of the term "knowingly" in K.S.A. 21-5413(b)(1)(A), the precise statute under which Courtney was charged here, and concluded that it goes beyond the mere intention to engage in the underlying conduct. Rather, it "means that the accused acted when he or she was aware that his or her conduct was reasonably certain to cause the result." 301 Kan. at 211.

In *Thomas*, the Kansas Supreme Court then applied *Hobbs* when analyzing Thomas' claim of instructional error. In so doing, the *Thomas* court concluded that the district court erroneously instructed the jury on the elements of aggravated battery, including its definition of "knowingly." Specifically, it observed:

> "[T]he district court erroneously instructed the jury that aggravated battery required 'merely the intent to engage in the underlying conduct which results in great bodily harm. The State is not required to prove that the defendant intended the precise harm or result that occurred.' The court compounded the error by giving another instruction that defined 'knowingly' with three alternative definitions, only one of which required the jury to find that Thomas was aware his conduct was reasonably certain to cause the harm to the child. The other alternatives allowed the jury to convict Thomas if it found he was aware of the nature of his conduct or the circumstances in which he was acting." 311 Kan. at 908.

6

The State conceded that the instruction was erroneous, and the court ultimately reversed Thomas' conviction due to the combined prejudicial effects of the erroneous jury instructions and inflammatory statements made by the prosecutor at trial. 311 Kan. at 908, 916.

In response to Courtney's reliance on *Hobbs* and *Thomas*, the State argues that *State v. Owens*, 314 Kan. 210, 235-36, 496 P.3d 902 (2021), offers the better analytical tool for resolving this issue. In that case, Owens was accused of aggravated assault as the underlying offense for a charge of aggravated burglary. He argued that, with respect to the aggravated assault offense, the district court erred when it instructed the jury in accordance with the first option under PIK Crim. 4th 52.010, that "[a] defendant acts knowingly when the defendant is aware of the nature of his conduct that the State complains about." 314 Kan. at 236. As Courtney asserts here, Owens argued that the district court should have instructed the jury in accordance with option 3, that a defendant acted knowingly "when he or she was aware that his or her conduct was reasonably certain to cause the result." 314 Kan. at 236.

The *Owens* court declined to find the district court's instruction was clearly erroneous because it properly and fairly stated the law as applied to the facts of the case. The Court reasoned that the instruction was legally appropriate because any distinction between the two definitions of "knowingly" lacked any legal significance. 314 Kan. at 236. This was because the definition that was issued to the jury, that Owens was aware of the nature of the conduct of which the State complains, meant that Owens had to be aware that his conduct was reasonably certain to put his victim in fear. According to the Court, the definition set forth under option 3 conveyed the same meaning. 314 Kan. at 236.

Using *Owens* as our backdrop then, we must analyze whether there is a legally significant difference between the definition given by the district court and that which

Courtney now proposes was more appropriate. In other words, does a distinction exist between the following two statements:

- Courtney acted knowingly if he was aware of the nature of firing a gun at Sank's leg.
- Courtney acted knowingly if he was aware that firing a gun at Sank's leg was reasonably certain to cause great bodily harm to another person or disfigurement of another person.

We believe this case aligns better with *Owens* and conclude that any distinction between the two definitions at issue lacks any legal significance. If an individual is truly aware of the nature of aiming a gun at another person and pulling the trigger, they must also be aware that these actions are reasonably certain to cause great bodily harm or disfigurement to the other person. The most natural consequence of firing a gun at someone is the infliction of severe injury. Since there is no material distinction between the two definitions of "knowingly," the district court's instruction was legally and factually appropriate. See *Owens*, 314 Kan. at 235-37. Given that we have not identified any error in the instruction issued by the district court, it is unnecessary to proceed to the next step of the clearly erroneous analysis–whether Courtney has satisfied his burden to show that a different verdict would have been rendered had the error not occurred. We are satisfied that Courtney's jury was properly instructed and that no question exists concerning the validity of his conviction.

*Clear Error Did Not Occur In The Absence Of A Lesser Included Offense Instruction For Reckless Aggravated Battery Given That Such An Instruction Was Not Factually Appropriate*

Courtney next argues that the district court should have instructed the jury on a less severe version of aggravated battery. He was charged under the theory that he committed the offense knowingly and the district court limited its instructions to the jury to that version of the offense. Courtney's argument on appeal is that the district court

8

should have also instructed the jury on "*recklessly* causing great bodily harm to another person or disfigurement of another person." K.S.A. 2020 Supp. 21-5413(b)(2)(A).

Courtney did not request an instruction on any lesser included offenses at trial. Still, this court may again reach the merits of the issue as a review for clear error. *State v. Butler*, 307 Kan. 831, 845, 416 P.3d 116 (2018); see K.S.A. 22-3414(3). Again, Courtney bears the burden to persuade us that (1) failing to instruct the jury on reckless aggravated battery was legally and factually inappropriate, and (2) the jury would have reached a different verdict if the instruction was issued. See *State v. Green*, 55 Kan. App. 2d 595, 609-10, 419 P.3d 83 (2018).

### 1. *An instruction for the reckless version of the offense was legally appropriate.*

Reckless aggravated battery under K.S.A. 2020 Supp. 21-5413(b)(2)(B) is a lesser included offense of the knowing version under K.S.A. 2020 Supp. 21-5413(b)(1)(A) because it is a "lesser degree of the same crime." See K.S.A. 2020 Supp. 21-5109(b)(1). Aggravated battery, committed knowingly, is a severity level 4 person felony, while reckless commission of the offense is a severity level 8 person felony. K.S.A. 2020 21-5413(g)(2)(A); (g)(2)(D). Because a severity level 8 aggravated battery is a lesser degree of the same crime as a severity level 4 aggravated battery—due to the fact that the higher the severity level of the crime the lower the sentence—severity level 8 reckless aggravated battery is a lesser included offense of severity level 4 knowing aggravated battery. See *Green*, 55 Kan. App. 2d at 612 (finding severity level 8 aggravated battery crime is lesser included offense of severity level 7 aggravated battery). Therefore, it would have been legally appropriate for the district court to issue the lesser included offense instruction.

9

*2. An instruction for reckless aggravated battery was not factually appropriate.*

To analyze whether the reckless aggravated battery instruction was factually appropriate, we begin with the direction received from K.S.A. 22-3414(3): "In cases where there is some evidence which would reasonably justify a conviction of some lesser included crime as provided in subsection (b) of K.S.A. 21-5109, and amendments thereto, the judge shall instruct the jury as to the crime charged and any such lesser included crime." The Kansas Supreme Court has held:

> "[L]esser included offense instructions must be given when there is some evidence, emanating from whatever source and proffered by whichever party, that would reasonably justify a conviction of some lesser included crime . . . . To determine whether a lesser included offense instruction should have been given, this court views the evidence in a light most favorable to the defendant. [Citations omitted.]" *State v. Rodriguez*, 295 Kan. 1146, 1152, 289 P.3d 85 (2012).

A district court does not err in failing "to give a lesser included offense instruction on a crime which is unsupported by the evidence in that particular case." *State v. Plummer*, 295 Kan. 156, 161, 283 P.3d 202 (2012). Courtney claims that the reckless aggravated battery instruction was supported by the evidence, namely Sank's testimony that he and Courtney struggled for the gun while Courtney's finger was on the trigger.

To justify a lesser included jury instruction on reckless aggravated battery under K.S.A. 2020 Supp. 21-5413(b)(2)(B), we agree there must be *some evidence* that Courtney committed aggravated battery by "recklessly causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted." A person acts recklessly if that person "consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." K.S.A. 2020

10

Supp. 21-5202(j). But equally true under K.S.A. 22-3414(3) is that the evidence must "*reasonably justify a conviction*" of that lesser offense, and that is where Courtney's claim falls short.

Viewing the evidence in the light most favorable to Courtney, as we are required to do under the standard of review, we detect only a scant amount of evidence from the trial which can be said to conceivably establish that Courtney acted only recklessly or without a knowing intent. In support of his argument, Courtney points only to Sank's testimony that they were struggling for the gun while Courtney's finger was on the trigger. However, this testimony fails to shed any light on Courtney's mental state at the time of the shooting. Rather, the greater and more compelling evidence reflects that Courtney acted knowingly. It is clear from Courtney's own testimony that Courtney purposefully aimed the gun at Sank's leg and fired with the intention of stopping him. We cannot conclude that the evidence highlighted by Courtney would enable a jury to reasonably convict him of the lesser included offense.

Moreover, we may also factor the closing argument delivered by Courtney's counsel into the equation. See *Green*, 55 Kan. App. 2d at 616; *State v. Davis*, No. 115,566, 2017 WL 3324693, at *4 (Kan. App. 2017) (unpublished opinion). Defense counsel repeatedly asked the jury to find Courtney not guilty by reason of self-defense. This was the only theory presented and, in support thereof, counsel argued that Courtney "deliberately" shot Sank once in the leg to neutralize the threat he posed. There was never any argument made that Courtney's conduct only amounted to recklessness. In fact, defense counsel sought to discredit any evidence suggesting that the two men struggled for the gun.

From the record before us, we are not persuaded that a lesser included offense instruction on reckless aggravated battery was factually appropriate and decline to associate error with the district court's failure to give it. See *Green*, 55 Kan. App. 2d at

11

616. In the absence of any error, we need not proceed to the third step of the analysis which requires Courtney to firmly establish that the jury would have reached a different verdict had the instructional error not occurred. *State v. Couch*, 317 Kan. 566, 595, 533 P.3d 630 (2023). The instructional decision made by the district court is upheld.

*The District Court Properly Exercised Its Discretion When It Denied Courtney's Motion for New Trial Based On Newly Discovered Evidence*

Courtney's final argument on appeal is that the district court erred in denying his motion for new trial based on newly discovered evidence. He contends that Grice's testimony is newly discovered evidence because both the State and Courtney tried and failed to make contact with him prior to trial. Therefore, his argument goes, the trial court committed a factual error when it found that the evidence was known to both parties. Courtney also contends that Grice's testimony would produce a different result upon retrial because he was the only unbiased third-person witness to the shooting, and his testimony would corroborate Courtney's self-defense claim.

*Standard of Review*

"The court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice." K.S.A. 22-3501(1). An appellate court reviews the district court's decision on a motion for new trial for an abuse of discretion. *State v. Davidson*, 315 Kan. 725, 728, 510 P.3d 701 (2022). A district court abuses its discretion if its decision "(1) is arbitrary, fanciful, or unreasonable; (2) is based on error of law; or (3) is based on an error of fact." *State v. Ashley*, 306 Kan. 642, 650, 396 P.3d 92 (2017).

To establish the right to a new trial based on newly discovered evidence, a criminal defendant must establish: (1) that the newly proffered evidence could not have been produced at trial with reasonable diligence; and (2) that the newly discovered evidence is of such materiality that it would likely produce a different result upon retrial.

*State v. Lyman*, 311 Kan. 1, 17, 455 P.3d 393 (2020). To determine whether new evidence is material, the district court judge must assess the credibility of the newly proffered evidence. Appellate courts will not reassess the credibility determination made by the district court judge. 311 Kan. at 17.

Evidence that merely tends to impeach or discredit the testimony of a witness is ordinarily not grounds for granting a new trial. Even when it does fall into the impeachment category, the presence or absence of corroborating evidence is another factor to consider in determining whether newly discovered evidence is so material that it is likely to produce a different result upon retrial. *Ashley*, 306 Kan. at 650.

Following a careful analysis of Courtney's claim, we find the district court properly concluded that Courtney fell short in his burden to establish that the new evidence was truly unavailable prior to trial through the exercise of reasonable diligence. At the motion hearing, Courtney's counsel simply stated that attempts were made to contact Grice, but they were ultimately unsuccessful. Statements of counsel are not evidence. *State v. Reser*, 244 Kan. 306, 316, 767 P.2d 1277 (1989). Neither the district court nor our court ever received any information to evidence what form Courtney's efforts took in attempting to contact Grice or the frequency with which those endeavors were undertaken.

We are also satisfied that the district court arrived at the correct conclusion when it ruled that Courtney failed to meet his burden to establish that Grice's testimony is of such materiality that it would likely produce a different result upon retrial. Courtney did not call Grice as a witness at the motion hearing, did not offer an affidavit or any other evidence from Grice supporting his claim, and did not request an opportunity to present evidence at a supplemental hearing. Courtney's counsel merely asserted that Courtney "states that he knows that Eric Grice will testify that Mr. Sank had a gun on his person on the day in question, and that on the previous occasion that Mr. Sank had been an

13

aggressor in the argument with Mr. Courtney." There is simply not enough evidence to convince this court that the materiality component of the inquiry is fulfilled. Courtney has failed to sustain his burden to establish that the district court abused its discretion when it denied his motion for new trial.

We find that Courtney's aggravated battery conviction must be upheld. Neither of Courtney's two instructional challenges warrant the reversal of his conviction that he seeks. Finally, the district court properly exercised its discretion when it denied Courtney's motion for new trial based on newly discovered evidence. Courtney failed to fulfill either prong of the analysis required to call the district court's ruling into question.

Affirmed.